**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | |
|---|---|
| **BEIJING IQIYI SCIENCE & TECHNOLOGY CO., LTD., and BEIJING QIYI CENTURY SCIENCE & TECHNOLOGY CO., LTD.** | |
| **Plaintiffs,** | **CIVIL ACTION NO. 6:19-cv-00272** |
| **v.** | |
| **ITALK GLOBAL COMMUNICATIONS, INC., a Texas corporation d/b/a ITALKBB and ITALK-BB; and DOES 1 through 100, inclusive,** | **JURY TRIAL DEMANDD** |
| **Defendants.** | |

**COMPLAINT**

Plaintiffs Beijing iQIYI Science & Technology Co., Ltd. and Beijing Qiyi Century Science & Technology Co., Ltd., by and through their attorneys, allege as follows:

**PARTIES**

1.      Plaintiffs Beijing iQIYI Science & Technology Co., Ltd. ("Beijing iQIYI") and Beijing Qiyi Century Science & Technology Co., Ltd. ("Beijing Qiyi Century") are Chinese corporations with their principal place of business at 11/F, iQIYI Innovation Building, No. 2 Haidian North 1st Street, Beijing, 100080, China.  Beijing iQIYI and Beijing Qiyi Century are affiliated entities of iQIYI, Inc., ("iQIYI"), an innovative market-leading online entertainment service platform.  Beijing iQIYI operates iQIYI's internet video streaming services and is in the business of, *inter alia*, distributing and streaming audio-visual programming over the Internet to viewers around the world.  Beijing Qiyi Century owns certain trademark rights of iQIYI.

2.      On information and belief, iTalk Global Communications, Inc., d/b/a iTalkBB or iTalk-BB ("iTalkBB") is a Texas corporation with its principal places of business in Austin, Texas and Mclean, Virginia.  *See* https://www.italkbb.com/us/en/contact-us.html?business (listing U.S. headquarters addresses as 1122 S. Capital of Texas Highway, Suite 375, Austin, TX 78746 and 7926 Jones Branch Drive, Ste 1100, Mclean, VA 22102) (last accessed April 22, 2019).   On information and belief, iTalkBB provides mobile communication services and Internet Protocol Television ("IPTV")[1] contents to the overseas Chinese community, including in this Judicial District.

3.      On information and belief, DOES 1 to 100 are various persons and entities, whose names are presently unknown to Plaintiffs, who are liable for the wrongful acts set forth herein. On information and belief, these persons and entities are engaged in the unlawful and unauthorized copying, importation, distribution, promotion and other exploitation of Plaintiffs' copyrighted audio-visual programs.

4.      The DOE defendants include various iTalkBB affiliated entities that control, are controlled by, or under common control with Defendants. For example, a Texas taxable entity search of "iTalkBB" shows multiple potentially affiliated entities, such as iTalkBroadBand Corporation, iTalk Holdings, LLC, iTalk Inc., iTalk Mobile Corporation, iTalk Wireless, LLC, iTalkBB Media Inc., iTalkBB VIP, Inc., and iTalk2U Communications LLC.  Plaintiffs do not know which affiliated entities—either in Texas or in other states—are additionally responsible, along with iTalkBB, for the wrongful acts set forth herein.

5.      The DOE defendants also include iTalkBB's members and/or their agents who are unlawfully importing, reproducing, distributing, and publicly performing Plaintiffs' copyrighted materials and uploading them onto the iTalkBB platform.  On information and belief, Defendants engage "a professional content editing team of iTalkBB [that] specializes in searching and editing

---

[1] IPTV is a system that delivers television content over Internet Protocol (IP) networks, instead of being delivered through traditional TV broadcasting, satellite signal, or cable television formats. *See* https://en.wikipedia.org/wiki/IPTV.

US 6115088

the shows and topics that interest immigrants the most, allowing customers to enjoy the best quality Chinese news and entertainments while living abroad." *See* http://www.shuzhang1120.com/italkbb/uncategorized/italkbb-meeting/ (last accessed April 22, 2019). On information and belief, Defendants either alone or conspiring with their agents, such as ETTV America, to unlawful import, reproduce, distribute, and publicly perform Plaintiffs' copyrighted materials and upload them into the iTalkBB platform. Neither Defendants nor their agents have the authorization, license or consent from Plaintiffs to engage in these infringing activities.

6.     The DOE defendants further include iTalkBB's executives, managers, and supervising persons, who had knowledge of the copyright infringement, and induced or materially contributed to the infringing activities. These individual Defendants have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities. Defendants' business entity is the instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability.

7.     Plaintiffs will seek leave of Court to amend the Complaint to add the true names and capacities of such persons and entities and to allege the exact nature of their wrongful conduct when such information has been ascertained.

8.     On information and belief, each of the Defendants acted knowingly, willingly, and intentionally, both individually and in concert with other Defendants, and certain Defendants are the agent, representative, or alter ego of other Defendants.

## JURISDICTION

9.     This Court has jurisdiction over the subject matter of this dispute. The first, second, third, and fourth claims for relief arise under the copyright law of the United States, 17 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction over these claims under 17 U.S.C. § 501, *et seq*. and 28 U.S.C. §§ 1331 and 1338(a).

10.    The fifth claim for relief arise under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and common law trademark infringement. This Court

US 6115088

has subject matter jurisdiction over this claim pursuant to 15 U.S.C. § 1125(a), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) & (b).

11.     The Court has supplemental jurisdiction over the sixth claim for relief under 28 U.S.C. § 1367(a).  The sixth claim is so related to the other claims over which the Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

12.     This Court has specific and general personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute, because Defendants purposefully availed themselves of the rights and benefits of Texas by conducting substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

13.     On information and belief, Defendant iTalkBB Global Communications, Inc. is incorporated in Texas and has its principal place of business in Austin, Texas.  *See* https://www.italkbb.com/us/en/contact-us.html?business (listing its U.S. headquarters address as 1122 S. Capital of Texas Highway, Suite 375, Austin, TX 78746).

14.     On information and belief, Defendants market, promote, sell, offer to sell, reproduce, and distribute their communication and IPTV products and services to Texas residents through its website, telephone, and interstate mail.  Defendants purposefully ship infringing products through an established distribution channel with the expectation that those products would be sold in Texas, including in this Judicial District.

### PLAINTIFFS' BUSINESS AND SERVICES

15.     iQIYI is an innovative market-leader in online entertainment service in China. iQIYI is one of the largest internet companies in China in terms of user base, and provides highly popular original content, as well as a comprehensive selection of professionally-produced, partner-generated, and self-generated audio-visual shows and programs.  The iQIYI platform offers a

variety of services encompassing internet video, live broadcasting, online games, online literature, animations, e-commerce and social media platform.

16. Plaintiff Beijing iQIYI was established in about 2012 and operates iQIYI's internet video streaming service, the largest internet video streaming service in China in terms of user time spent and average total monthly active users. Plaintiff Beijing Qiyi Century is a wholly-owned subsidiary of iQIYI and owns certain trademark rights of iQIYI. For the year of 2018, iQIYI's average mobile monthly active users were 454.5 million and the average mobile daily active users were 135.4 million. On average, iQIYI's users spent 9.4 billion hours per month watching video content on its platform through all devices, and spent 1.6 hours per day per user watching video content on the mobile apps during the year. iQIYI has consistently ranked No. 1 since July 2015 in terms of combined PC and mobile video streaming total time spent market share. Through its license partner, Beijing iQIYI also operates the largest smart TV video streaming service in China as measured by monthly active devices.

17. Over the years, iQIYI has developed industry-leading content origination and self-production capability. iQIYI produced highly popular, trend-setting original content, which attracts a massive user base and differentiates iQIYI from its competitors. In 2017, iQIYI released 5 of the top 10 original internet variety shows and 6 of the top 10 original internet drama series in China.

18. Equipped with strong content distribution capability, iQIYI is the go-to internet video streaming platform in China for premium content providers. iQIYI's strong partnership with premium content providers enables it to continually curate a comprehensive repertoire of blockbuster content. The iQIYI platform featured 42 out of the top 50 most popular drama series, variety show and film titles streamed on the internet in China in 2017. In addition to top Chinese content providers, iQIYI collaborates with leading global premium content providers, including the "Big Six" Hollywood production studios, top TV networks in the U.S. and Netflix, which further enriches iQIYI's premium content offerings.

US 6115088

19.     iQIYI broadcasts its programs to viewers worldwide—including to viewers in the United States—over the Internet, tablet applications, and mobile applications.

**PLAINTIFFS' EXCLUSIVE COPYRIGHTED PROGRAMS AND TRADEMARKS**

20.     At all times material hereto, Plaintiff Beijing iQIYI has the sole and exclusive right in the United States to import, reproduce, distribute, publicly perform, broadcast, and enforce rights of certain Chinese language audiovisual episodic programs over the Internet, including over IPTV (collectively, the "iQIYI Exclusive Shows").

21.     The iQIYI Exclusive Shows contain copyrightable subject matter under the laws of the United States.

22.     The original authors and copyright owners of the iQIYI Exclusive Shows are entities organized under the laws of China and are entitled to protection under the Copyright Act through the Berne Convention, the Universal Copyright Convention, and other applicable laws and treatises.

23.     The iQIYI Exclusive Shows are foreign works authored and first released in China. Pursuant to Section 411(a) of the Copyright Act, Beijing iQIYI is not required to register the foreign works with the U.S. Copyright Office before filing a lawsuit for copyright infringement. Regardless, Plaintiff Beijing iQIYI has registered certain foreign works at issue.

24.     The iQIYI Exclusive Shows include:

a.      Shang Xin Le · Gu Gong (Chinese Name "上新了·故宫"): 10 episodes, original air date November 9, 2018 (copyright registration certificates attached as Exhibits A1-A10);

b.      Mian Ju (Chinese Name "面具"): 40 episodes, original air date July 6, 2018;

c.      Yun Dian Zhi Shang (Chinese Name "云巅之上"): 51 episodes, original air date February 23, 2017;

d.      Ai Guo Zhe (Chinese Name "爱国者"): 50 episodes, original air date June 9, 2018;

        e.      Xun Ren Da Shi (Chinese Name "寻人大师"): 36 episodes, original air date June 14, 2017;

        f.      Pei Du Ma Ma  (Chinese Name "陪读妈妈"): 48 episodes, original air date July 1, 2018;

        g.      Te Hua Shi (Chinese Name  "特化师"): 43 episodes, original air date November 19, 2017;

        h.      Huo Tou Jun Ke Zhan (Chinese Name  "伙头军客栈"): 24 episodes, original air date August 4, 2018;

        i.      Yu Zui (Chinese Name  "余罪"): 24 episodes, original air date May 23, 2016;

        j.      Jia You Er Nv Chu Zhang Cheng (Chinese Name "家有儿女初长成"): 30 episodes, original air date May 29, 2018;

        k.      Qin Ai De Ta Men (Chinese Name  "亲爱的她们"): 41 episodes,  original air date December 10, 2017;

        l.      Wo Qu Shang Xue La (Chinese Name "我去上学啦"): 12 episodes, original air date July 16, 2015; and

        m.      Wo Qu Shang Xue La, Season 2 (Chinese Name "我去上学啦第二季"): 12 episodes, original air date June 26, 2016.

25.      At all times material hereto, pursuant to applicable license agreements, Plaintiff Beijing iQIYI has the sole and exclusive right to import, reproduce, distribute, publicly perform, broadcast, and enforce rights of the iQIYI Exclusive Shows over the Internet in the United States.

26.      On information and belief, Defendants imported into the United States, reproduced, distributed, publicly performed, broadcasted, and otherwise exploited the Exclusive iQIYI Shows via iTalkBB's IPTV platform without the authorization of Plaintiffs.

US 6115088

27.     Plaintiff Beijing Qiyi Century owns common law trademark rights to "iQIYI" and the logo marks identified below (collectively, the "iQIYI Marks").  The federal registration of the iQIYI Marks are currently pending with the U.S. Patent and Trademark Office.

 

28.     iQIYI has continuously used the iQIYI Marks since at least 2011 until the present, and at all times relevant to the claims herein.  The iQIYI Marks appear on all iQIYI shows, including on the iQIYI Exclusive Shows.

29.     On information and belief, Defendants, without the authorization from Plaintiffs or the law, intentionally removed and has caused and induced others to remove the iQIYI Marks from the iQIYI Exclusive Shows, and then distributed and publicly performed the iQIYI Exclusive Shows without the iQIYI Marks.

**DEFENDANTS' PRODUCTS AND SERVICES**

30.     On information and belief, Defendants launched their IPTV service in about 2012.

31.     Defendants claim iTalkBB to be the "No. 1 telecom company in both the overseas Chinese market and the overseas Korean market all over the globe," with "over 1,200,000 iTalkBB users located around the world" and "over 80% of Brand Awareness in Chinese communities in the U.S."[2]

32.     Defendants also claim iTalkBB's programs to be "copyright granted": "iTalkBB Chinese TV provides the highest quality and most popular Chinese TV content with copyright granted. It includes over 60 live channels and 72-hour playback, the most popular Chinese movies, TV series and variety shows in HD quality on demand.  Moreover, iTalkBB Chinese TV is dedicated to collecting the best TV content that overseas Chinese are interested in, enabling overseas users to enjoy high quality Chinese entertainment no matter where they are."[3]

---

[2] *See* https://www.italkbb.com/us/en/company-profile.html (last accessed April 22, 2019).

[3] *See* https://www.italkbb.com/us/en/company-profile.html (last accessed April 22, 2019).

US 6115088

33.     On information and belief, Defendants' IPTV service is made available to subscribers through the purchase from Defendants of an IPTV set-top box that sits on top of the viewer's television.  On information and belief, a subscriber is required to pay a monthly or annual subscription fee before the subscriber can view Defendants' IPTV contents.

34.     On information and belief, Defendants sell and offer to sell monthly and annual subscriptions to subscribers of the iTalkBB IPTV contents.  The current subscription fees of the iTalkBB Chinese TV contents are as follows: (1) $4.99/month for new users subscribing to bundled home phone and TV services; (2) $14.99/month for new users subscribing to TV service only; and (3) $59.99/year for existing users subscribing to TV service only.[4]

35.     After paying a subscription fee, a subscriber—through connection via an iTalkBB set-top box—can access iTalkBB's Chinese TV programs via (1) on-demand menu, which gives the subscriber unlimited streaming of various TV programs, and (2) live TV channels from China, Hong Kong and Taiwan.

36.     On information and belief, Defendants engage "a professional content editing team of iTalkBB [that] specializes in searching and editing the shows and topics that interest immigrants the most, allowing customers to enjoy the best quality Chinese news and entertainments while living abroad."  *See* screenshot below, available at

---

[4] *See* https://www.italkbb.com/us/en/chinese-tv-plans.html (last accessed April 22, 2019).

http://www.shuzhang1120.com/italkbb/uncategorized/italkbb-meeting/ (last accessed April 22, 2019).



37.     Defendants intentionally create the false impression on iTalkBB's subscribers that iTalkBB has the right and authority to broadcast the IPTV contents.  A screenshot from iTalkBB's website containing such misrepresentation is shown below, which states in relevant part that: "iTalkBB Chinese TV grants access to copyrighted television content. We guarantee the reliability



and sustainability of programs that are accessible from our service. Users no longer need to worry about any interruptions or instability of the programs provided by iTalkBB Chinese TV."[5]

38.     The iQIYI Exclusive Shows contain the iQIYI Marks in the upper-right corner in each episode, demonstrating iQIYI's exclusive ownership of these copyrighted materials.  At the beginning and end of each episode of the iQIYI Exclusive Shows, Plaintiffs also include identifying language indicating that iQIYI has the exclusive right to publish and perform these shows over the Internet.  The iQIYI Marks and copyright identifying information is collectively referred to as the "iQIYI Copyright Management Information."  For example, the screenshot below shows the digital iQIYI Marks in the upper righthand corner of Beijing iQIYI's proprietary show "Shang Xin Le·Gu Gong."  The digital mark in the upper-left corner "BTV" stands for "Beijing TV Station," one of the authors of the show from whom Beijing iQIYI obtained an exclusive license.



39.     On information and belief, Defendants removed or cause to be removed the iQIYI Copyright Management Information from the iQIYI Exclusive Shows without authorization from Plaintiffs or the law.  Defendants then distributed, publicly performed, and broadcasted the iQIYI Exclusive Shows—after removing the iQIYI Copyright Management Information— knowing that copyright management information has been removed without authority of Plaintiffs or the law, knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal the infringement of Plaintiffs' copyrights.

---

[5] *See* https://www.italkbb.com/us/en/chinese-tv-plans.html (last accessed April 22, 2019).

40.     For example, as shown in the screenshot below, the iQIYI Marks were removed from the show "Shang Xin Le·Gu Gong" when playing on the iTalkBB platform.



41.     As another example, "Yu Zui" is an iQIYI self-produced show that is only available on the iQIYI platform.   Defendants unlawfully removed iQIYI's Copyright Management Information before broadcasting the iQIYI show "Yu Zui" on iTalkBB's platform.

42.     After removing iQIYI's Copyright Management Information, Defendants then made false representations that iTalkBB had the right and authority to distribute the iQIYI Exclusive Shows, leading to consumers' confusion on source, origin, and copyright status of the iQIYI Exclusive Shows.

43.     Despite Defendants' misrepresentation that iTalkBB has the right and authority to broadcast the Chinese TV programs, Defendants never obtained authorization or license from Plaintiffs to market, promote, sell, offer to sell, broadcast, publicly perform, distribute, and/or exploit the iQIYI Exclusive Shows.   Over 400 episodes of the iQIYI Exclusive Shows were and continue to be accessible to iTalkBB subscribers via the iTalkBB set-top box.   Plaintiffs have never received any licensing fees, royalties, or any other compensation from iTalkBB for the exploitation of the iQIYI Exclusive Shows.

44.     The extent of Defendants' copyright infringement is massive.   Over 400 shows were and continue to be accessible to iTalkBB subscribers via the iTalkBB set-top box.

- 12 -

Screenshots of the unauthorized iQIYI Exclusive Shows that are on the iTalkBB platform are attached as Exhibits B-N.

45.  On information and belief, without any license or authorization, Defendants have:

a.  Reproduced unauthorized copies of the iQIYI Exclusive Shows;

b.  Imported the iQIYI Exclusive Shows into the United States;

c.  Publicly performed, distributed, and broadcasted the iQIYI Exclusive Shows over the Internet;

d.  Obtained financial gain through the unlawful exploitation of the iQIYI Exclusive Shows;

e.  Used websites, telephone, mail, and interstate commerce to advertise, offer to sell, sell, and distribute the iQIYI Exclusive Shows to consumers in the United States, including in Texas and in this Judicial District;

f.  Intentionally removed and has caused and induced others to remove copyright management information from the iQIYI Exclusive Shows without the authorization from Plaintiffs or the law, and then distributed and publicly performed the iQIYI Exclusive Shows;

g.  Falsely represented to its current and potential subscribers and the consuming public about the source and origin of the iQIYI Exclusive Shows; and

h.  Falsely represented to its current and potential subscribers and the consuming public that Defendants have the right and authority to broadcast iTalkBB's IPTV programs.

46.  On information and belief, Defendants willfully infringed the copyrighted programs proprietary to Plaintiffs.  On information and belief, Defendants were aware of the infringing activity, and the infringing activities were the result of reckless disregard for or willful blindness to Beijing iQIYI's copyrights.  For example, Defendants removed or cause to be removed the iQIYI Marks from the iQIYI Exclusive Shows without authorization from Beijing

US 6115088

iQIYI or the law.  Defendants then distributed, publicly performed, and broadcasted the iQIYI Exclusive Shows—after removing the iQIYI Marks—without authority of Beijing iQIYI or the law, knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal the infringement of Beijing iQIYI's copyrights.  Defendants' unlawful conduct constitutes reckless disregard for or willful blindness to Beijing iQIYI's copyright.

47.    As another example, "Yu Zui" is an iQIYI self-produced show that is only available on the iQIYI platform.  Defendants unlawfully removed iQIYI's Marks before broadcasting the iQIYI show "Yu Zui" on iTalkBB's platform.  On information and belief, Defendants never obtained authorization or license to play this show on the iTalkBB platform, and Defendants' unlawful conduct constitutes reckless disregard for or willful blindness to Beijing iQIYI's copyright.

48.    Defendants' substantial and unauthorized importation, reproduction, public performance, reproduction, and distribution of the iQIYI Exclusive Shows caused and continue to cause significant harm and damage to Plaintiffs and undermine Plaintiffs' reputation and goodwill.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement Against All Defendants and DOES 1-100

### (17 U.S.C. §§ 101 *et seq.*, 501 *et seq.*)

49.    Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

50.    Plaintiff Beijing iQIYI is the legal owner of the copyrights in the iQIYI Exclusive Shows.

51.    Each episode in the iQIYI Exclusive Shows is an original audiovisual work fixed in a tangible medium of expression and qualifies as copyrightable subject matter under Section 102 of the Copyright Act.  Each episode in the iQIYI Exclusive Shows has its own copyright life, is distinct, separate, and apart from the series, and has a separate economic value.  Each episode can be shown at different times and in different orders.  Each episode is a separate "work" for the purposes of calculating statutory damages, where applicable.

US 6115088

52.     Plaintiff Beijing iQIYI has the exclusive rights, pursuant to Section 106 of the Copyright Act, to reproduce, distribute and publicly perform the iQIYI Exclusive Shows.

53.     Plaintiff Beijing iQIYI also has the exclusive right, pursuant to Section 602 of the Copyright Act, to import and export the iQIYI Exclusive Shows.

54.     Neither Beijing iQIYI nor any other person authorized by Beijing iQIYI has granted any license, consent, permission, or authorization to Defendants to exercise these exclusive rights.

55.     Defendants, by themselves and/or through their agents, infringed Beijing iQIYI's exclusive rights under 17 U.S.C. §§ 106 and 602 by importing, exporting, reproducing, distributing, and publicly performing the iQIYI Exclusive Shows.

56.     In addition to the unauthorized copies of the iQIYI Exclusive Shows, Beijing iQIYI is informed and believes that Defendants constantly update the iTalkBB platform with new TV shows.  Beijing iQIYI will seek leave to amend the Complaint when these additional infringing shows are identified.

57.     Defendants' infringing activities are willful and the result of reckless disregard for or willful blindness to Beijing iQIYI's copyright.

58.     To the extent one or more Defendants claim that the other Defendants are responsible for the infringement, Plaintiffs are informed and believe that such Defendant is subject to alter ego liability for the infringing conducts.  There is a unity of interest and ownership among the Defendants.  Certain individual Defendants are the sole stockholders, officers, and directors of the business entity Defendants, and such business entities are so controlled by said individual Defendants that the funds of the business entity and of the individual Defendants are commingled, the credits and obligations of the business entity and of the individual Defendants are shared, and the funding of the business entity is insufficient to meeting reasonable requirements.  These individual Defendants, such as iTalkBB's executives, have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities.  Defendants' business entity is the

US 6115088

instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability. Observance of the corporate formality would lead to an unjust result.

59.     As a direct and proximate cause of Defendants' copyright infringement, Beijing iQIYI is entitled to recover damages and Defendants' profits in amounts to be proven at trial.

60.     In the alternative, for each of the registered shows (Shang Xin Le·Gu Gong), at its election, Beijing iQIYI is entitled to statutory damages of e.g., up to $150,000 per episode (or whatever amount the relevant statutes authorize), by virtue of Defendants' willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

61.     Defendants' continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Beijing iQIYI.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Beijing iQIYI's copyrights.  Beijing iQIYI is entitled to injunctive relief under 17 U.S.C. § 502.

62.     Beijing iQIYI is entitled to its costs and reasonable attorney's fees as an exceptional case and pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

**Inducement of Copyright Infringement and Contributory Copyright Infringement**

**Against All Defendants and DOES 1-100**

**(17 U.S.C. §§ 101 *et seq.*, 501 *et seq.*)**

63.     Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

64.     On information and belief, iTalkBB's users, subscribers, and members of Defendants' IPTV service infringed and are infringing Beijing iQIYI's exclusive rights by searching for, acquiring, editing, uploading, and distributing the infringing copies of the iQIYI Exclusive Shows.  On information and belief, Defendants engage "a professional content editing team of iTalkBB [that] specializes in searching and editing the shows and topics that interest immigrants the most, allowing customers to enjoy the best quality Chinese news and entertainments while living abroad." *See*

http://www.shuzhang1120.com/italkbb/uncategorized/italkbb-meeting/.  On information and belief, Defendants intended, encouraged, and actively induced the direct infringement of the iQIYI Exclusive Shows by these iTalkBB users, subscribers, and members.

65.     On information and belief, Defendants purposefully induced and actively encouraged iTalkBB members or their agents to search for, obtain, edit, and upload third-party audiovisual programs to use as contents on the iTalkBB platform, in willful disregard of the copyright owners' rights in these audiovisual programs.

66.     On information and belief, iTalkBB and/or other Defendants distribute the iTalkBB set-top box and other necessary devices/accessories in the United States, including in this District, with the specific purpose of inducing and encouraging its users and subscribers to infringe the copyrights in the iQIYI Exclusive Shows.   On information and belief, the starter package containing a set-top box and accessories includes a user manual with step-by-step setup instructions for the subscriber to set up the iTalkBB platform.

67.     The iTalkBB website contains step-by-step instructions guiding its users and subscribers on how to set up the set-top box and connect to the iTalkBB platform.   The iTalkBB website also encourages its customers to contact iTalkBB's customer service via telephone, WeChat, and email in case the customer needs assistance setting up the iTalkBB TV service. Below is a screenshot from iTalkBB's website showing setup instructions.



US 6115088

68.     Defendants have taken affirmative steps to materially cause, induce, encourage and contribute to the direct infringement of Beijing iQIYI's copyrights by marketing the iTalkBB IPTV service, selling the iTalkBB IPTV subscriptions, distributing the iTalkBB set-top box, and encouraging and facilitating the iTalkBB members and/or their agents to upload or contribute infringing, unauthorized copies of the iQIYI Exclusive Shows.

69.     Defendants are aware that they do not have any license or authorization to import, distribute, publicly perform, or otherwise exploit the iQIYI Exclusive Shows.  Defendants are also aware that the iTalkBB members and/or their agents are unlawfully importing, reproducing, distributing, and publicly performing the iQIYI Exclusive Shows by making unauthorized copies of the iQIYI Exclusive Shows and uploading them into the iTalkBB platform.

70.     Defendants' contributory and inducement of infringing activities are willful, purposeful, intentional, and the result of reckless disregard for or willful blindness to Beijing iQIYI's copyright.

71.     To the extent one or more Defendants claim that the other Defendants are responsible for the infringement, Plaintiffs are informed and believe that such Defendant is subject to alter ego liability for the infringing conducts.  There is a unity of interest and ownership among the Defendants.  Certain individual Defendants are the sole stockholders, officers, and directors of the business entity Defendants, and such business entities are so controlled by said individual Defendants that the funds of the business entity and of the individual Defendants are commingled, the credits and obligations of the business entity and of the individual Defendants are shared, and the funding of the business entity is insufficient to meeting reasonable requirements.  These individual Defendants, such as iTalkBB's executives, have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities.  Defendants' business entity is the instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability. Observance of the corporate formality would lead to an unjust result.

US 6115088

72.     As a direct and proximate cause of Defendants' contributory and inducement of copyright infringement, Beijing iQIYI is entitled to recover damages and Defendants' profits in amounts to be proven at trial.

73.     In the alternative, for each of the registered shows (Shang Xin Le·Gu Gong), at its election, Beijing iQIYI is entitled to statutory damages of e.g., up to $150,000 per episode (or whatever amount the relevant statutes authorize), by virtue of Defendants' willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

74.     Defendants' continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Beijing iQIYI.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's copyright.  Beijing iQIYI is entitled to injunctive relief under 17 U.S.C. § 502.

75.     Beijing iQIYI is entitled to its costs and reasonable attorney's fees as an exceptional case and pursuant to 17 U.S.C. § 505.

<u>**THIRD CLAIM FOR RELIEF**</u>

**Vicarious Copyright Infringement Against All Defendants and DOES 1-100**

**(17 U.S.C. §§ 101 *et seq*., 501 *et seq*.)**

76.     Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

77.     On information and belief, Defendants have the power, authority, and obligation to supervise the infringing activities of iTalkBB's members and their agents.  Defendants are thus vicariously liable for each of these infringing activities under 17 U.S.C. §§ 106, 602, and 501.

78.     On information and belief, the iTalkBB members and/or their agents directly infringe Beijing iQIYI's copyrights by searching for, obtaining, editing, and uploading third-party audiovisual programs to use as contents on the iTalkBB platform, including the infringing copies of the iQIYI Exclusive Shows.  Defendants derive direct financial gain from the direct infringing activities of the iTalkBB members and/or their agents.

US 6115088

79.     On information and belief, Defendants have the power and ability to control the iTalkBB IPTV service by suspending service to subscribers who did not pay their subscription fees.

80.     On information and belief, Defendants have the power and ability to control the contents on the iTalkBB platform, by suspending and ceasing the infringing activities, screening the iTalkBB on-demand programs to filter out the infringing programs, and supervising the iTalkBB members and/or their agents to only make authorized programs available on the platform.

81.     On information and belief, Defendants have the power, ability, and obligation to supervise the activities of the iTalkBB members and/or their agents and prohibit any member from infringing Beijing iQIYI's copyrights.

82.     Defendants' vicarious copyright infringement are willful, purposeful, intentional, and the result of reckless disregard for or willful blindness to Beijing iQIYI's copyrights.

83.     To the extent one or more Defendants claim that the other Defendants are responsible for the infringement, Plaintiffs are informed and believe that such Defendant is subject to alter ego liability for the infringing conducts.   There is a unity of interest and ownership among the Defendants.   Certain individual Defendants are the sole stockholders, officers, and directors of the business entity Defendants, and such business entities are so controlled by said individual Defendants that the funds of the business entity and of the individual Defendants are commingled, the credits and obligations of the business entity and of the individual Defendants are shared, and the funding of the business entity is insufficient to meeting reasonable requirements.   These individual Defendants, such as iTalkBB's executives, have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities.   Defendants' business entity is the instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability. Observance of the corporate formality would lead to an unjust result.

US 6115088

84.     As a direct and proximate cause of Defendants' contributory and inducement of copyright infringement, Plaintiff Beijing iQIYI is entitled to recover damages and Defendants' profits in amounts to be proven at trial.

85.     In the alternative, for each of the registered shows (Shang Xin Le·Gu Gong), at its election, Beijing iQIYI is entitled to statutory damages of, e.g., up to $150,000 per episode (or whatever amount the relevant statutes authorize) by virtue of Defendants' willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

86.     Defendants' continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Beijing iQIYI.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Beijing iQIYI's copyright.  Beijing iQIYI is entitled to injunctive relief under 17 U.S.C. § 502.

87.     Beijing iQIYI is entitled to its costs and reasonable attorney's fees as an exceptional case and pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF

### Violation of the DMCA Against All Defendants and DOES 1-100

### (17 U.S.C. § 1202(b))

88.     Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

89.     Defendants, without the authorization from Beijing iQIYI or the law, intentionally removed and have caused and induced others to remove copyright management information from the iQIYI Exclusive Shows, and then distributed and publicly performed the iQIYI Exclusive Shows knowing and/or having reasonable grounds to know that such acts will induce, enable, facilitate or conceal an infringement of copyright, in violation of 17 U.S.C. § 1202(b)(1) and (3).

90.     The alteration of the iQIYI Copyright Management Information from the iQIYI Exclusive Shows and subsequent distribution and public performance of these shows by iTalkBB were and are willful and intentional, with full knowledge of Beijing iQIYI's rights under the copyright law, and in disregard of those rights.

US 6115088

91.     To the extent one or more Defendants claim that the other Defendants are responsible for the infringement, Plaintiffs are informed and believe that such Defendant is subject to alter ego liability for the infringing conducts.  There is a unity of interest and ownership among the Defendants.  Certain individual Defendants are the sole stockholders, officers, and directors of the business entity Defendants, and such business entities are so controlled by said individual Defendants that the funds of the business entity and of the individual Defendants are commingled, the credits and obligations of the business entity and of the individual Defendants are shared, and the funding of the business entity is insufficient to meeting reasonable requirements.  These individual Defendants, such as iTalkBB's executives, have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities.  Defendants' business entity is the instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability. Observance of the corporate formality would lead to an unjust result.

92.     As a direct and proximate cause of Defendants' violation of the DMCA, Beijing iQIYI is entitled to recover damages and Defendants' profits in amounts to be proven at trial.

93.     In the alternative, at its election, Beijing iQIYI is entitled to statutory damages of, e.g., up to $25,000 (or whatever amount the relevant statutes authorize) for each unauthorized act of reproduction, distribution, or public performance with removed copyright management information pursuant to 17 U.S.C. § 1203(c).

94.     Beijing iQIYI is entitled to recover costs and attorney's fees from Defendants as an exceptional case and pursuant to 17 U.S.C. § 1203(b)(4) and (5).

95.     Defendants' continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Beijing iQIYI.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Beijing iQIYI's copyright.  Beijing iQIYI is entitled to injunctive relief under 17 U.S.C. § 1203(b)(1).

## FIFTH CLAIM FOR RELIEF

**False Designation of Origin and False Advertising**

**Against All Defendants and DOES 1-100**

**(15 U.S.C. § 1125(a))**

96.     Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

97.     Plaintiff Beijing Qiyi Century is the legal owner of the iQIYI Marks.  iQIYI has been using the iQIYI Marks since at least 2011.  Consumers associate and recognize the iQIYI Marks as representing a single source or sponsor of services, and thus the iQIYI Marks are protectable trademarks under common law.  The iQIYI Marks are distinctive and nonfunctional.

98.     Defendants, without the authorization from Plaintiffs or the law, intentionally removed and have caused and induced others to remove the iQIYI's Marks from the iQIYI Exclusive Shows, and then distributed and publicly performed the iQIYI Exclusive Shows without the iQIYI Marks.

99.     For example, on information and belief, Defendants removed the iQIYI Marks before broadcasting the iQIYI show "Shang Xin Le·Gu Gong" from iTalkBB's platform.  As another example, "Yu Zui" is an iQIYI self-produced show that is only available on the iQIYI platform.  Defendants unlawfully removed the iQIYI Marks before broadcasting the iQIYI show "Yu Zui" on iTalkBB's platform.

100.     The unauthorized removal of the iQIYI Marks from the iQIYI Exclusive Shows constitutes a misattribution and a false or misleading representation to the consumers on the source and origin of these iQIYI Exclusive Shows in violation of 15 U.S.C. § 1125(a)(1).

101.     After removal of the iQIYI Marks, Defendants intentionally create the false impression on consumers that iTalkBB has the right and authority to broadcast the IPTV contents. Defendants falsely claim that "iTalkBB Chinese TV grants access to copyrighted television content. We guarantee the reliability and sustainability of programs that are accessible from our

US 6115088

service. Users no longer need to worry about any interruptions or instability of the programs provided by iTalkBB Chinese TV."[6]

102.    The sale, advertising, distribution and exploitation by Defendants of the iQIYI Exclusive Shows—after the unauthorized removal of the iQIYI Marks—are false or misleading and are likely to cause and has caused confusion, or to deceive the consumers with respect to the affiliation, connection, or association, or as to the origin, sponsorship, or approval commercial activities, all to the detriment of Plaintiffs, in violation of 15 U.S.C. § 1125(a)(1).

103.    The misrepresentation by Defendants is intentionally designed to deceive and has deceived consumers and customers, subscribers, viewers, and clients by creating the false impression that the iQIYI Exclusive Shows are authorized and licensed for use by Defendants.

104.    Defendants' misrepresentation and deception constitute willful and intentional violation of the Lanham Act § 43(a), including unfair competition.

105.    Defendants' false description, false representation, false designation of origin, false advertising, and unauthorized removal of the iQIYI Marks was knowing, willful, and deliberate, making this an exceptional case.

106.    As a direct and proximate result of Defendants' willful misrepresentation, Plaintiffs are entitled to enhanced damages as provided by law.

107.    As a direct and proximate result of Defendants' misrepresentation and deception, the public is likely to be confused as to the origin and source of the iQIYI Exclusive Shows and/or believe that these iQIYI Exclusive Shows are authorized and licensed for use or otherwise by Plaintiffs for use by Defendants.  Plaintiffs have suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of the iQIYI Marks unless and until Defendants are enjoined from continuing their wrongful acts.

108.    As a direct and proximate result of Defendants' misrepresentation and deception, Plaintiffs have suffered, and continue to suffer, injury, loss, and damages in an amount to be proven

---

[6] *See* https://www.italkbb.com/us/en/chinese-tv-plans.html (last accessed April 22, 2019).

at trial.  Plaintiffs are entitled to injunctive relief, monetary damages, and other remedies provided by Sections 1116, 1117, and 1118 of the Lanham Act.

109.    To the extent one or more Defendants claim that the other Defendants are responsible for the infringement, Plaintiffs are informed and believe that such Defendant is subject to alter ego liability for the infringing conducts.  There is a unity of interest and ownership among the Defendants.  Certain individual Defendants are the sole stockholders, officers, and directors of the business entity Defendants, and such business entities are so controlled by said individual Defendants that the funds of the business entity and of the individual Defendants are commingled, the credits and obligations of the business entity and of the individual Defendants are shared, and the funding of the business entity is insufficient to meeting reasonable requirements.  These individual Defendants, such as iTalkBB's executives, have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities.  Defendants' business entity is the instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability.  Observance of the corporate formality would lead to an unjust result.

## SIXTH CLAIM FOR RELIEF
### Common Law Conspiracy Against All Defendants and DOES 1-100

110.    Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

111.    Plaintiff Beijing iQIYI has the exclusive rights, pursuant to Section 106 of the Copyright Act, to reproduce, distribute and publicly perform the iQIYI Exclusive Shows.

112.    Plaintiff Beijing iQIYI also has the exclusive right, pursuant to Section 602 of the Copyright Act, to import and export the iQIYI Exclusive Shows.

113.    Plaintiff Beijing Qiyi Century has the exclusive rights to the iQIYI Marks.

114.    Neither Plaintiffs nor any other persons authorized by Plaintiffs have granted any license, consent, permission, or authorization to Defendants to exercise these exclusive rights.

US 6115088

115.     The DOE defendants include various iTalkBB affiliated entities that control, are controlled by, or under common control with Defendants. The DOE defendants also include iTalkBB's members and/or their agents, such as the content editing team, who are unlawfully importing, reproducing, distributing, and publicly performing Plaintiffs' copyright and trademark protected materials and uploading them into the iTalkBB platform. The DOE defendants further include iTalkBB's executives, managers, and supervising persons, who had knowledge of the copyright infringement, and induced or materially contributed to the infringing activities.   On information and belief, the iTalkBB executives, managers, and supervising persons have the power, authority, and obligation to supervise the infringing activities of iTalkBB's members and their agents.

116.     Defendants have a common object to unlawfully infringe and violate Plaintiffs' rights with respect to the iQIYI Exclusive Shows, as discussed above, and deceive the consuming public regarding the origin/source of these shows, and have a meeting of minds to conduct these unlawful activities, including without limitation importing, copying, reproducing, publicly performing, distributing, broadcasting, transmitting, marketing, selling, offering for sale, and otherwise exploiting Plaintiffs' copyrighted materials over the iTalkBB platform and removing the iQIYI Marks from these copyrighted materials.

117.     As described above, Defendants engaged in unlawful, overt and intentional acts amounting to infringement and violation of Plaintiffs' rights with respect to the iQIYI Exclusive Shows.

118.     To the extent one or more Defendants claim that the other Defendants are responsible for the infringement, Plaintiffs are informed and believe that such Defendant is subject to alter ego liability for the infringing conducts.   There is a unity of interest and ownership among the Defendants.   Certain individual Defendants are the sole stockholders, officers, and directors of the business entity Defendants, and such business entities are so controlled by said individual Defendants that the funds of the business entity and of the individual Defendants are commingled, the credits and obligations of the business entity and of the individual Defendants are shared, and

the funding of the business entity is insufficient to meeting reasonable requirements.  These individual Defendants, such as iTalkBB's executives, have direct financial benefit from the infringing activities alleged herein, ignored their obligation to supervise the infringers, and induced and materially contributed to the infringing activities.  Defendants' business entity is the instrumentality, conduit, and alter ego of the individual Defendants to avoid personal liability.  Observance of the corporate formality would lead to an unjust result.

119.    As a direct and proximate cause of Defendants' conspiracy, Plaintiffs are entitled to recover damages and Defendants' profits in amounts to be proven at trial.

120.    Defendants' continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' copyright and trademark rights.  Plaintiffs are entitled to injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against each of the Defendants as follows:

1.    That each of the Defendants be permanently enjoined from all infringing conducts, and specifically enjoined from the following:

a.    Importing, copying, reproducing, publicly performing, distributing, broadcasting, transmitting, marketing, selling, offering for sale, and otherwise exploiting any audiovisual content or products containing the copyrights owned or licensed by Plaintiffs;

b.    Engaging in any activity which is likely to cause others to falsely believe that Plaintiffs have authorized or licensed to Defendants to use Plaintiffs' copyrights;

c.    Assisting, aiding, or abetting any person in conducting any of the activities described in paragraphs (a) and (b);

d.    Removing and/or altering the iQIYI Copyright Management Information; and

US 6115088

> e. Transmitting or distributing Plaintiffs' proprietary, copyright and trademark protected programs over the Internet, or by other means, to persons not authorized by Plaintiffs to receive or view such programs.

2. With respect to Claims for Relief I, II, and III (direct, contributory, and vicarious copyright infringement):

> a. As damages for Shang Xin Le·Gu Gong (10 episodes, registered), at Plaintiffs' election before entry of final judgment, that Plaintiffs be awarded either actual damages along with Defendants' profits deriving from the unauthorized use of the works, or statutory damages pursuant to 17 U.S.C. § 504(c)(1) in the amount of up to $30,000 for each registered work infringed, and to increase that amount to $150,000 for each registered work infringed in accordance with 17 U.S.C. § 504(c)(2), or whatever statutory damages are authorized by the relevant statutes;

> b. As damages for the remaining unregistered shows, that Plaintiffs be awarded actual damages along with Defendants' profits deriving from the unauthorized use of the works;

> c. For Plaintiffs' costs and attorney's fees as an exceptional case and under 17 U.S.C. § 505; and

> d. For impounding and disposing infringing articles under 17 U.S.C. § 503.

3. With respect to Claims for Relief IV (violation of the DMCA):

> a. As damages for Shang Xin Le·Gu Gong (10 episodes, registered), at Plaintiffs' election before entry of final judgment, that Plaintiffs be awarded either actual damages along with Defendants' profits deriving from the unauthorized removal and distribution of the iQIYI Exclusive Shows, or statutory damages pursuant to 17 U.S.C. § 1203(c) in the amount of up to $25,000 for each unauthorized act of reproduction, distribution, or public performance with removed copyright management information, or whatever statutory damages are authorized by the relevant statutes;

US 6115088

b.     As damages for the remaining unregistered shows, that Plaintiffs be awarded actual damages along with Defendants' profits deriving from the unauthorized use of the works; and

c.     Plaintiffs be awarded costs and attorney's fees as an exceptional case and pursuant to 17 U.S.C. § 1203(b)(4) and (5).

4.     With respect to Claim for Relief V (false designation of origin, false advertising):

a.     Plaintiffs be awarded damages along with Defendants' profits deriving from Defendants' willful, intentional, and malicious false designations of origin, false descriptions, misrepresentation of fact, and unfair competition, pursuant to 15 U.S.C. § 1117(a);

b.     Plaintiffs be awarded attorney's fees as an exceptional case and pursuant to 15 U.S.C. § 1117(a)(3); and

c.     Plaintiffs be awarded exemplary and punitive damages.

5.     With respect to Claim for Relief VI (common law conspiracy):

a.     Plaintiffs be awarded damages deriving from Defendants' wrongful conducts; and

b.     Plaintiffs be awarded exemplary and punitive damages.

6.     For compensatory and statutory damages permitted by law.

7.     For Plaintiffs' attorney's fees and costs.

8.     For such additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Beijing iQIY1 and Beijing Qiyi Century, by separate filing, respectfully demand a jury trial of all issues triable to a jury in this action.

Dated: April 23, 2019                Respectfully submitted,

                                     VINSON & ELKINS L.L.P.

                                     By: */s/ M. Craig Tyler*
                                         M. Craig Tyler
                                     Texas State Bar No. 00794762
                                     2801 Via Fortuna, Suite 100
                                     Austin, TX 78746-7568
                                     Telephone: +1.512.542.8440
                                     Facsimile:  +1.512.236.3256
                                     E-Mail: ctyler@velaw.com

                                     Chao "Wendy" Wang (*Pro Hac Vice
                                         Forthcoming*)
                                     California State Bar No. 289325
                                     VINSON & ELKINS L.L.P.
                                     555 Mission Street, Suite 2000
                                     San Francisco, CA  94105
                                     Telephone: +1.415.979.6900
                                     Facsimile:  +1.415.651.8786
                                     E-Mail: wwang@velaw.com
                                     Parker Hancock *(Pro Hac Vice Forthcoming)*
                                     Texas State Bar No. 24108256
                                     VINSON & ELKINS L.L.P.
                                     1001 Fannin Street, Suite 2500
                                     Houston, TX  77002-6760
                                     E-Mail:  phancock@velaw.com
                                     Telephone: +1.713.758.2153
                                     Facsimile:  +1.713.615-5140

                                     **ATTORNEYS FOR BEIJING IQIYI
                                     SCIENCE & TECHNOLOGY CO., LTD.
                                     AND BEIJING QIYI CENTURY SCIENCE
                                     & TECHNOLOGY CO., LTD.**

US 6115088