# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **BEIJING IQIYI SCIENCE & TECHNOLOGY CO., LTD., BEIJING QIYI CENTURY SCIENCE & TECHNOLOGY CO., LTD.,** <br> *Plaintiffs,* <br><br> **v.** <br><br> **ITALK GLOBAL COMMUNICATIONS, INC., A TEXAS CORPORATION, DOES 1 THROUGH 100, INCLUSIVE,** <br> *Defendants.* | § § § § § § § § § § § § § § | **CIVIL NO. 6-19-CV-00272-ADA** |

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

Before the Court is Defendant iTalk Global Communications, Inc.'s ("iTalk Global") Motion to Dismiss for *Forum Non Conveniens* (ECF No. 24), Plaintiffs Beijing iQIYI Science & Technology Co., Ltd. and Beijing QIYI Century Science & Technology Co., Ltd.'s (collectively, "iQIYI") Response (ECF No. 31), Defendant iTalk Global's Reply (ECF No. 32), and iQIYI's Sur-Reply (ECF No. 34). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant iTalk Global's Motion to Dismiss should be **DENIED** for the following reasons.

## I.      BACKGROUND

This case concerns the alleged infringement of U.S. copyrights owned by several Chinese companies by a Texas corporation, iTalk Global. Because of the fact-intensive nature of forum *non conveniens* motions, the Court must develop an extensive factual background.

## A. The Parties

Plaintiffs Beijing iQIYI Science & Technology Co., Ltd. and Beijing QIYI Century Science & Technology Co., Ltd. are Chinese companies with their principal place of business in Beijing, China. iQIYI is "an innovative market-leading online entertainment service platform that provides video streaming services to viewers all over the world. Pl.'s Compl., ECF No. 1 at ¶ 1.

On the other hand, Defendant iTalk Global, d/b/a iTalkBB, is a Texas corporation with its principal place of business in Austin, Texas and McLean, Virginia. *Id.* at ¶ 2. Defendant iTalk Global is primarily engaged in the business of providing Voice-over-Internet Protocol ("VoIP") services for native Chinese and Korean speakers in the U.S. and elsewhere. Def.'s Mot. at 4. Additionally, iTalk Global acts as the sales and billing agent for iTalkTV HK, which is a wholly owned subsidiary of Chinese company Beijing Capital Online Network Technology Co. *Id.* iTalkTV HK owns and operates the iTalkBB Chinese TV platform, a primarily Chinese language Internet Protocol Television ("IPTV") service delivered to consumes in the U.S., Canada, and Australia via a set-top box. *Id.* at 5. As a sales agent for iTalkTV HK, iTalk Global sells subscriptions to the iTalkBB Chinese TV platform, which is accomplished by bundling the TV platform with subscriptions to iTalk Global's VoIP service. *Id.* The TV shows that encompass the subscriptions to the iTalkBB Chinese TV platform are the basis for Plaintiff iQIYI's alleged copyright infringement and other claims.

## B. Plaintiff iQIYI's Business and Services

Plaintiff iQIYI is the self-proclaimed "go-to internet video streaming platform in China for premium content providers." Pl.'s Compl. at 5. Plaintiff iQIYI broadcasts its programs to viewers worldwide—including to viewers in the United States—over the Internet, through tablet

applications and mobile applications. *Id.* Importantly, iQIYI has the sole and exclusive right in the United States to import, reproduce, distribute, publicly perform, broadcast, and enforce rights of certain Chinese language programs over the Internet, including over IPTV (collectively, the "iQIYI Exclusive Shows"). *Id.* The iQIYI Exclusive shows contain copyrightable subject matter under U.S. law and consist of approximately thirteen TV shows. *Id.* at 6–7. Plaintiffs allege that Defendant iTalk Global (and other affiliated entities) imported "into the United States, reproduced, distributed, and publicly performed, broadcasted, and otherwise exploited the iQIYI Exclusive Shows via iTalkBB's IPTV platform without authorization of Plaintiffs." *Id.* at 7.

### C. Defendant iTalk Global's Business and Services

As previously mentioned, Defendant iTalk Global sells subscriptions to the iTalkBB Chinese TV platform, which is accomplished by bundling the TV platform with subscriptions to iTalk Global's VoIP service. iTalk Global's IPTV service is made available to subscribers through the purchase of an IPTV set-top box that sits on top of the viewer's television. Compl. at 9. To stream the service, a subscriber is required to pay a monthly or annual subscription fee before the subscriber can view iTalk Global's IPTV contents. *Id.* iQIYI alleges that its' Exclusive Shows are shown through this set-top box and the iTalkBB IPTV platform. Thus, the streaming of iQIYI's Exclusive Shows form the basis of Plaintiff iQIYI's various claims for relief, which include: direct copyright infringement, inducement of copyright infringement and contributory copyright infringement, vicarious copyright infringement, violation of the DMCA, false designation of origin and false advertising, and common law conspiracy. *See* Pl.'s Compl.

### D. Procedural History

Plaintiffs filed their Complaint on April 23, 2019. ECF No. 1. Defendant iTalk Global filed its answer to Plaintiffs' Complaint on June 28, 2019. ECF No. 16. On August 20, 2019, iTalk

Global filed a motion to dismiss for *forum non conveniens* generally arguing that China was an adequate alternative forum and a more convenient forum in which to resolve the current dispute. ECF No. 24. On September 30, 2019, iQIYI filed its Response to Defendant's Motion to Dismiss, arguing that China is not an adequate alternative forum and it is clearly not a more convenient forum to litigate the current dispute. ECF No. 31. Defendant filed a Reply to Plaintiffs' Response on October 18, 2019. ECF No. 32. Plaintiff then filed a Sur-Reply. ECF No. 34. The Court held a hearing on the motion on December 4, 2019, in which the Court denied Defendant's Motion to Dismiss.

## II.    LEGAL STANDARD

"The essence of the *forum non conveniens* doctrine is that a court may decline jurisdiction and may actually dismiss a case, even when the case is properly before the court, if the case more conveniently could be tried in another forum." *In re Volkswagon of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagon II"); *see also Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 341 (5th Cir. 1999) (the premise of *forum non conveniens* is that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized). The determination of whether a case should be dismissed for *forum non conveniens* is "committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 237 (1981).

The defendant bears the burden of persuasion on all elements of the forum *non conveniens* analysis. Thus, a defendant must "establish that there is an alternate forum that is both available and adequate." *Perforaciones Exploracion Y Produccion v. Maritimas Mexicanas, S.A. de C.V.*, 356 Fed. App'x. 675, 679 (5th Cir. 2009). If the Court finds there is not an adequate and available forum, the inquiry ends, and the court should deny the motion to dismiss. *Norex Petroleum, Ltd. v. Access Indus.*, 416 F.3d 146, 160 (2d Cir. 2005); *Perforaciones Exploracion*. 356 Fed. App'x.

at 679. However, if the moving party carries its burden of establishing an alternate forum that is both adequate and available, then the defendant is charged with showing that dismissal is warranted because of certain private and public interest factors weigh in favor of dismissal. *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001).

According to the courts, the relevant private interest factors include: the "relative ease of access to sources of proof; [the] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witness[es]; [the] possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Dickson Marine*, 179 F.3d at 342 (internal quotes omitted). The relevant public interest factors include: the "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (internal quotes omitted).

## III.    DISCUSSION

Plaintiff iQIYI has two main arguments as to why the Court should deny Defendant iTalk Global's Motion to Dismiss. First, iQIYI argues that the Court should deny iTalk Global's Motion because it cannot show that China is an adequate alternative forum. Pl.'s Resp. at 1. Secondly, in the event the Court finds that China is an adequate alternative forum, iQIYI argues that the private and public interest factors weigh against dismissing the case. *Id.* Because the first argument proffered by iQIYI is potentially dispositive, the Court will first address whether China is an alternative forum.

## A. Alternative Forum

A motion to dismiss for *forum non conveniens* will not be granted unless there is an alternative forum in which the action can be brought. The defendant must show that the proposed alternative forum is both (1) available and (2) adequate. *Piper*, 454 U.S. at 254 n.22. Although some courts conflate these two issues, availability and adequacy of the proposed alternative forum are better considered as independent issues that warrant separate consideration. *Cotemar S.A. De C.V. v. Hornbeck Offshore Serv., L.L.C.*, 569 Fed. App'x. 187, 190 (5th Cir. 2014) (establishment of foreign tribunal as available and adequate is a prerequisite to considering public and private interest factors that may support dismissal). Thus, the Court will first address whether China is both available and adequate.

### 1. Whether China is Available as an Alternative Forum

The doctrine of *forum non conveniens* "presupposes at least two forums in which the defendant is amenable to process." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947). Thus, an alternative forum generally is deemed available if the case and all of the parties come within that alternative court's jurisdiction.[1] *Id.* In this case, iQIYI does not dispute that China is "available" as an alternative forum. Therefore, the Court assumes China is available and will concentrate on the second consideration: "adequate."

### 2. Whether China is or is not an Adequate Alternative Forum

Even if the alternative forum is available, it cannot be considered adequate—and thus the *forum non conveniens motion* will be denied—if the remedy offered by the other forum is clearly unsatisfactory. *Piper*, 454 U.S. at 254; *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211–214 (5th Cir. 2010) (holding that Mexico was an adequate forum because plaintiff could recover damages

---

[1] iTalk Global has agreed that it would submit to the jurisdiction of the Chinese courts for purposes of a lawsuit brought by Beijing iQIYI. Mot. at 9 n.4.

there, even though the recovery in Mexico would be lower than in the United States). Many courts have held that an alternative forum is adequate so long as the plaintiff was not deprived of all remedies or subjected to unfair treatment in the alternative forum.[2] *See, e.g.*, *Saqui*, 595 F.3d at 212 ("the mere fact that the amount of damages would be more limited under Mexican as opposed to American law, does not provide the basis for finding Mexican courts an inadequate alternative forum."). Although defendants must carry the burden of proving an adequate forum, they may rely on a presumption that the foreign forum is adequate. *Indusoft, Inc. v. Taccolini*, 560 Fed. App'x. 245, 248–49 (5th Cir. 2014). However, a plaintiff can overcome that presumption by making a contrary showing. *Id.* In this case, iQIYI clearly articulated a contrary showing to the adequacy of Chinese courts to resolve this dispute.

In support of its motion to dismiss, Defendant iTalk Global submits three arguments that China is an adequate alternative forum for iQIYI to assert its claims. First, iTalk Global argues that China is an adequate alternative forum because China also has copyright and trademark laws under which iQIYI can seek relief, including damages and injunctive relief. Mot. at 8. Defendant iTalk Global also notes that Plaintiffs are Chinese companies; thus, they are entitled to seek relief in Chinese courts. Secondly, iTalk Global points out iQIYI has already filed several lawsuits in China seeking the same relief it seeks in this case against iTalk Global's Chinese parent companies based on airings of the iQIYI Exclusive shows in Australia. *Id.* at 8. Thus, iTalk Global argues,

---

[2] However, the Court believes that simply focusing on whether the Plaintiff is deprived of all legal remedies in the alternative forum is simply not scrutinizing the adequate forum enough. By limiting the Courts purview to only whether the plaintiff is denied all legal remedies, courts fail to distinguish between theoretical and practical access to courts and remedy. *See* 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3828.2 (4th ed.). For instance, a wide range of procedural rules and legal arrangements, i.e. discovery regimes, restrictive legal doctrines, etc., may affect the practicality of pursuing a remedy that is theoretically available in the proposed alternative forum. The Court believes that this case is good example. As will be discussed, the evidentiary rules in China severely limit, if not completely deny, iQIYI's infringement claims. Regardless of the practical access to Chinese courts, the Court finds that iQIYI would be left without any remedy against iTalk Global if the Motion was granted.

the Chinese lawsuits filed by iQIYI confirm the adequacy of Chinese courts as an alternative forum for Plaintiff's claims. *Id.* Finally, iTalk Global asserts that even though the acts of infringement occurred in the United States, this does not render China an inadequate forum for iQIYI's claims. *Id.* at 9.

Conversely, iQIYI argues that even though China has copyright and trademark laws, iTalk Global cannot demonstrate that China is an adequate alternative forum for this dispute. First, iQIYI asserts that it would be deprived of all remedies under Chinese law for lack of proof. Resp. at 1. Secondly, iQIYI argues that Chinese law only recognizes two of the six causes of action asserted in this case.[3] The Court will address each argument in turn. *Id.*

### i. China is not an Adequate Forum Because the Chinese Rules of Evidence Deny iQIYI's Requested Relief

Plaintiffs argue that if the Court dismisses this case, iQIYI will not be able to adequately litigate the case because it does not have evidence in a form that is acceptable to a Chinese court to show copyright infringement. Pl.'s Resp. at 4. The Court agrees. The Plaintiffs should not be forced to forfeit a forum where they can obtain full relief unless the substitute forum offers at least the equivalent potential for a full recovery.

According to the declaration of former Judge Shi Yun,[4] iQIYI will not be able to prove infringement in a Chinese court even though they would be able to in an American court. The rules of evidence in China are significantly different from those in the United States. Chinese courts permit only very limited discovery and rely almost exclusively on documentary evidence, rather than the testimony of witnesses. Former Judge Mr. Shi Yun Decl. ¶ 5.3, ECF No. 31; Xu Decl. ¶¶

---

[3] Although two causes of action recognized by Chinese law (direct copyright infringement and unfair competition) theoretically exist, neither can be brought against iTalk Global. *See infra*, Section III. A. 2. b.

[4] Judge Shi Yun was a judge of the Putuo District People's Court of Shanghai from July 2006 to October 2014. He is currently a senior partner of Shanghai Yingdong Law Firm.

17–19, ECF No. 31. In order to prove copyright or trademark infringement in a Chinese court, a plaintiff must demonstrate infringement in the courtroom and provide notarized evidence of infringement. Former Judge Decl. ¶ 18; XU Decl. ¶ 8. It is not disputed that iTalk Global's TV service is not available in China. Thus, iQIYI would not be able to demonstrate infringement in a Chinese courtroom. This would preclude iQIYI from having the equivalent opportunity to recover damages that it would have in this Court.

Furthermore, iQIYI cannot provide notarized evidence acceptable to a Chinese court's legal standards of admissibility. In order to obtain notarized evidence, the Chinese rules of evidence require iQIYI to obtain an official video taken by a notary company. The video must show that the notary purchased a new iTalkBB set-top box from iTalk Global, reset it to factory settings, connected it to the internet in the United States, and accessed the iQIYI Exclusive Shows from the iTalkBB platform[5]. *See* Former Judge Decl. ¶ 18; Xu Decl. ¶ 10. It is undeniable that the failure to follow the Chinese evidentiary rules will result in rejection of the unqualified evidence. Thus, it follows that the plaintiff's claims would be dismissed by a Chinese court for lack of proof. *See* Former Judge Decl. ¶¶ 19–20; Xu Decl. ¶¶ 11–13.

In this case, iQIYI cannot now collect the necessary notarized evidence of infringement that would be necessary in a Chinese court because iTalk Global removed the iQIYI Exclusive Shows from the iTalkBB platform. Thus, the required evidence of U.S. copyright and trademark infringement that could have been used in China is now unobtainable. *Compare with* Shijie "Jenny" Qu Decl ("Qu Decl.") at ¶¶ 7–10 (describing how iQIYI was able to acquire notarized

---

[5]Additionally, according to Article 11 of the *Several Provisions of Supreme People's Court on Civil Procedure Proof*, "if the evidence provided by the parties to the people's court arose outside the territory of the People's Republic of China, it shall be authenticated by a notary public of the foreign country where such evidence arose, and certified by the embassy or consulate of the People's Republic of China in that foreign country, or follow the certification procedures prescribed in the applicable treaties between the People's Republic of China and the foreign country." Because the potential evidence of infringement (i.e., the iQIYI Exclusive Shows from the iTalkBB platform) has been removed from the iTalkBB platform by the Defendant, Plaintiff iQIYI cannot meet this requirement.

evidence of infringement in a similar case against iTalk Global's Chinese parent companies). Because a Chinese court would not accept iQIYI's existing evidence of infringement, iQIYI would be left without a remedy against iTalk Global.[6] Therefore, the Court will not dismiss iQIYI's claims based on the doctrine of *forum non conveniens*.

Defendant iTalk Global argues that China is an adequate alternative forum because China has copyright and trademark laws equal to that of the United States appears to be chimerical at best. The trademark and copyright protections may seem, at first, to provide adequate legal remedies; however, upon closer inspection of the evidentiary requirements, China as an adequate forum in this case is merely a mirage. It is true that China does provide for the legal protection of property interests that include copyright and other intangible property. Constitution of the People's Republic of China (1982, as amended through 2018), arts. 5, 11, 13, 20, 32. As Mr. DeLisle points out in his declaration, Chinese copyright law has been crafted to conform to the demands of international treaties and the obligations China incurred when it jointed the World Trade Organization. *See* Decl. of Jacques deLisle, ECF No. 24 at ¶¶ 17–20. However, the Court believes that under the particular facts of this case, dismissal is inappropriate.

First, Mr. DeLisle's declaration is not specific to the facts of case—he glosses over the evidentiary issues that pose significant problems in this case. Additionally, Mr. DeLisle addresses trademark and copyright law in general terms, stating that China does recognize such intellectual property rights—but he does not address which of the Plaintiffs claims could be fairly adjudicated in China. For instance, he does not address whether four of the Plaintiffs claims: inducement of

---

[6]Although iQIYI did obtain screenshots of the alleged copyrighted works displayed on the iTalkBB platform, such evidence is not admissible in a Chinese court. According to Chinese law, any evidence that is a reproduction of an original document that cannot be verified against the original document or item cannot be independently admitted into evidence to prove any fact. *Several Provisions of the Supreme People's Court on Evidence for Civil Action*, Art. 39 (2008); Xu Decl. at ¶ 11.

and contributory copyright infringement, vicarious copyright infringement, violation of the DMCA for removal of copyright management information, and common law conspiracy could be addressed in a Chinese court. *See id.* at ¶¶ 18–28. On the other hand, Plaintiffs provide several declarations addressing the specific causes of action at issue in this case, and summarily state that the four claims mentioned above are not cognizable in a Chinese Court. *See, e.g.,* Xu Decl. ¶¶ 15–16.

Mr. DeLisle does acknowledge, however, that adjudication in China largely depends on documentary evidence (which would necessitate notarized evidence, as discussed previously) and less on in-person testimony and cross-examination. DeLisle Decl. at ¶ 45. Because the Peoples Republic of China legal system is inquisitorial rather than adversarial, it provides limited mechanisms for discovery. *Id.* Moreover, securing testimonial evidence outside the context of testimony in a Chinese court is extremely difficult to obtain and authenticate, not to mention it is considered weak evidence. DeLisle Decl. at ¶¶ 79–80. Thus, the difficulty placed upon iQIYI is apparent: the evidence of infringement (iTalkBB platform playing iQIYI Exclusive Shows) is not available in China, nor can the evidence be properly authenticated in the United States and used in a Chinese court because of the strict evidentiary requirements for such evidence.[7] *See* Former Judge Decl. ¶¶ 18–20; Xu Decl. ¶¶ 8–10.

In its Reply to iQIYI's Response to iTalk Global's Motion, iTalk Global argues Plaintiff iQIYI will not be left without a remedy in China because iTalk Global will stipulate that the iQIYI

---

[7]Plaintiffs also point to a Third Circuit decision to support their argument that the lack of evidence of infringement available in China renders China an inadequate alternative forum. Resp. at 4; *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170 (3d Cir. 1991). In *Lacey*, the Third Circuit remanded a district courts decision to dismiss the plaintiff's complaint based on *forum non conveniens* because he would be unable to obtain evidence essential to his products liability claim. *Id.* at 186. The Court believes the present case is similar and finds the Third Circuits rationale persuasive. As stated in Plaintiffs complaint, iQIYI plead its case on information and belief and attached screenshots of the iQIYI Exclusive Shows taken from the iTalkBB TV platform as evidence of alleged infringement. *See* Pls' Complaint. However, this evidence is not admissible under Chinese law and additional discovery under Chinese law likely could not produce any evidence of infringement as discussed previously.

Exclusive Shows were aired on the iTalkBB platform. Def.'s Reply to Pl.'s Resp., ECF No. 32, at 4. Additionally, iTalk Global asserts there is plenty of evidence in China and acceptable to a Chinese court from which iQIYI could prove infringement (i.e., documents relating to programming and viewership on the iTalkBB platform). *See id.* In short, iTalk Global's argument is that because it will stipulate to airing the iQIYI Exclusive Shows, consent to jurisdiction, and admit the authenticity of the screenshots taken of the dispute works on the iTalkBB platform, no undue prejudice exists to iQIYI litigating this matter in China.

Conversely, Plaintiff iQIYI contends that iTalk Global's proposed stipulation on the authenticity of the screenshots (which shows iTalk Global aired the disputed works) does not make them admissible in China. Pl.'s Sur-Reply, ECF No. 34, at 2. Basically, iQIYI argues that iTalk Global's several stipulations do not cure the undue prejudice iQIYI would face in China. The Court agrees with iQIYI. First, according to the statements of plaintiffs several Chinese law experts, a Chinese court requires the party with the burden of proof (here, iQIYI) to provide notarized evidence of infringement. Former Judge Decl. ¶¶ 18–19. Because the evidence is located outside of China, it must be certified by the Chinese consulate in the United States. *Id.* As previously discussed, this poses a major obstacle for iQIYI. See *supra,* at 8–10. Thus, the screenshots acquired by iQIYI cannot be verified against the originals (because iTalk Global removed the disputed works), nor can the screenshots be notarized or certified. Supp. Shi Yun Decl. ("Supp. Former Judge Decl.") at ¶¶ 8–9. Second, a U.S. entity's stipulation in U.S. litigation has no evidentiary value in China. *Id.* at ¶¶ 6–7. Thus, iTalk Global's stipulation in this Court does very little for iQIYI in China.

ii.     **China is Not an Adequate Form Because iQIYI's Causes of Action are not Cognizable Against iTalk Global in China.**

Plaintiffs also argue China is not an adequate alternative forum because the "majority of iQIYI's claims" are not cognizable in a Chinese Court. Resp. at 6–7. The Court finds Plaintiffs argument persuasive, although not controlling.

Defendant iTalk Global's Chinese law expert gave a broad overview of Chinese law as it relates to trademark and copyright property rights; however, he did not address the viability of the specific claims of the Plaintiffs. *See generally,* DeLisle Decl. Thus, it is hardly in dispute that China is not an adequate forum for the four claims of inducement of and contributory copyright infringement, vicarious copyright infringement, violation of the DMCA for removal of copyright management information, and common law conspiracy. *Id.* at 18–24; *see also* Xu Decl. at ¶¶ 15–16 (" . . . iQIYI [can] not seek a remedy for induced copyright infringement, vicarious liability for copyright infringement, removal of copyright management information, and civil conspiracy."). Several courts have held that an alternative forum is not adequate when the majority of the plaintiff's claims were not available in the alternate forum. *See, e.g.*, *Tyco Fire & Sec. v. Alcocer*, No. 04-23127-CIV, 2009 WL 10668241, at * 3 (S.D. Fla. Mar. 7, 2009) (holding Mexico is inadequate where it fails to recognize three of plaintiff's four causes of action); *Domanus v. Lewicki*, 645 F. Supp. 2d 687, 702 n.2 (N.D. Ill. 2009) (holding that Poland is inadequate because it failed to recognize many of the causes of action asserted, including shareholder derivative claims); *Motown Record Co., L.P. v. iMesh.Com, Inc.*, 2004 WL 503720, *6 (S.D.N.Y. 2004) (holding that where the defendants failed to carry their burden where their submissions were silent

on the issue of whether Israel would enforce U.S. copyrights). Therefore, the Court believes that China does not provide an adequate remedy for the Plaintiff's claims in this case.[8]

More importantly, however, the Court finds that Plaintiffs would not be entitled to any relief against *this* defendant in China. During the Motion to Dismiss hearing before the Court, the following exchange took place:

> THE COURT: Let me put it this way. Your position -- so I understand it, and you can correct me if I'm wrong. It's not an adequate forum against this defendant.
>
> MR. DYE: Correct.
>
> THE COURT: You might be able to get -- recover, but it wouldn't be against this defendant if it were in China.
>
> MR. DYE: Yes. They're saying the organ grinder's over there, goes through the organ grinder on the monkey. That's their defense.
>
> THE COURT: Got it.
>
> MR. DYE: But we wouldn't have a cause of action against the monkey in China.
>
> THE COURT: Okay.

Hr'g Tr. 48:20-25–49:1-7; *see also* Hr'g Tr. 44:1-25–45:1-25. Basically, Plaintiffs argued they would not be able to assert any causes of action against Defendant iTalk Global in China. Because iTalkTV HK allegedly bundles the content and selects the shows owned by iQIYI, Plaintiffs causes of action lie against iTalkTV HK, not iTalk Global. *See* Hr'g Tr. 44:2-25–45:1-24. Thus, if the Court were to dismiss this case, iQIYI would be left without any causes of action against iTalk Global. *See id.*

---

[8]Plaintiff and Defendant both provide numerous competing declarations in support of their respective positions. The parties' experts disagree concerning whether the evidence iQIYI does have is acceptable to a Chinese court, as previously discussed. Although the Court is persuaded by iQIYI's arguments, the Court also believes in a motion to dismiss for *forum non conveniens*, which are decided similarly to a motion to transfer venue under 28 U.S.C. § 1404, the Court may "consider undisputed facts outside of the pleadings such as affidavits or declarations but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:1 7-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018); *see also Sleepy Lagoon, Ltd. v. Tower Group, Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011).

The Court finds iQIYI's argument persuasive. The only two causes of action that are generally allowed in China, direct copyright infringement and unfair competition, are not cognizable in China against iTalk Global. If the Court were to accept Defendant's version of the facts, if iTalkTV HK (iTalk Global's Chinese parent company) actually does control, bundle, and license the iQIYI Exclusive Shows, iQIYI's direct copyright infringement cause of action lies against iTalkTV HK—not iTalk Global. Thus, a claim for direct copyright infringement against iTalk Global is not cognizable in a Chinese court. *See BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (holding that in order to establish direct copyright infringement, a plaintiff must show that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original).

Similarly, Plaintiffs' unfair competition cause of action would also fail against iTalk Global in China. Because the basis for the unfair competition claim is consumer confusion, and all the consumers relevant to this litigation are people who live in the United States, iQIYI would not be able to prove consumer confusion in China for U.S. consumers. *See Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 483 (5th Cir. 2004) (holding that to prove unfair competition under federal law, a plaintiff must show the alleged infringing mark is likely to cause confusion among consumers as to the source, affiliation, or sponsorship of the copyrighted item); *see also* Hr'g Tr. 46:3-10.[9] Therefore, because both causes of action that are generally allowed in China in fact would not be cognizable against *this* defendant under these *specific facts*, the Court finds that China is an inadequate forum for this case.

---

[9]MR. DYE: The other cause of action that they recognize in China is unfair competition. And specifically here unfair competition is consumer confusion. Now, keep in mind all of the consumers are going to be people who live in the United States.
THE COURT: So all the evidence is here?
MR. DYE: So the evidence is here. How are you going to prove consumer confusion in China for U.S. consumers?

### iii. Prior Litigation Instigated by iQIYI is Irrelevant in the Forum Non Conveniens Analysis in This Case.

In iTalk Global's final argument asserting that China is an adequate alternative forum, iTalk Global points out that iQIYI has already filed multiple lawsuits in China "seeking precisely that relief against iTalk Global's Chinese parent companies based on airings of certain of the iQIYI Exclusive Shows in Australia." Mot. at 8. In essence, iTalk Global argues because iQIYI has filed prior lawsuits in China seeking similar relief to the present case, China is an adequate forum to resolve the current dispute. However, the Court is not persuaded.

First, the facts of the previous litigation against iTalk Global's Chinese parent companies are distinguishable from the present case. In the previous litigation, the iTalkBB-related entity that provided the set-top box in Australia was dissolved; thus, there was no entity in Australia for iQIYI to pursue. Qu Decl. at ¶¶ 8; Hr'g Tr. 41:3-25. Consequently, China was the *only* forum available to iQIYI to pursue a claim for iTalk Global's infringement in Australia. Such is not the case here. iTalk Global is a Texas corporation operating in the United States—it is not dissolved, like the entity that operated in Australia. Second, because iQIYI discovered that no entity existed in Australia to pursue its claims against, it obtained the necessary notarized evidence (as outlined above) that could be used in China. Here, iTalk Global is allegedly responsible for infringement; thus, iQIYI did not need to procure notarized evidence admissible for use in a Chinese court. Moreover, the evidence of infringement cannot be obtained by iQIYI after the iQIYI Exclusive Shows were removed from the iTalkBB platform. Thus, the Court finds that the litigation in China concerning copyright infringement against iTalk Global's Chinese parent companies is irrelevant to the present analysis in this case.

Because the Court finds that China is not an adequate alternative forum for this litigation, the Court does not need to weigh the private and public interest factors in order to deny Defendant

iTalk Global's motion to dismiss under the doctrine of *forum non conveniens*. *Norex Petroleum*, 416 F.3d at 160 (stating that if there is not an adequate and available forum, the inquiry ends and the court should deny the motion); *Gulf Oil*, 330 U.S. at 508 (holding a defendant must establish the existence of a adequate and available alternative forum). Nevertheless, the Court concludes that a weighing of the private and public interest factors also would lead to the conclusion that the action should not be dismissed.

### B.  The Public and Private Interest Factors Weigh Against Dismissal

If the alternative forum is found to be both available and adequate, the defendant next must show that the balance between the private interests and public interests described by the Supreme Court in *Gulf Oil Corporation v. Gilbert* weighs in favor of dismissal. *See Piper*, 454 U.S. at 241; *Lacey*, 932 F.2d at 180. Once a defendant establishes that another forum is available and adequate to hear the case, the focus then shifts to the private and public interest factors catalogued in *Gulf Oil* and *Piper*. The private interest factors include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make a trial of a case easy, expeditious and inexpensive.

*Gulf Oil*, 330 U.S. at 508. The public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in application of foreign laws; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper*, 454 U.S. at 241 n.6. To prevail on a *forum non conveniens* motion, the movant must show that the balance of these factors tips decidedly in favor of trial in the foreign forum. *See In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147, 1164 (5th Cir. 1987), *vacated on*

*other grounds*, *PAN AM v. Lopez*, 490 U.S. 1032 (1989) ("[T]he moving defendant must . . . establish that the private and public interests weigh heavily on the side of trial in the foreign forum."). If, when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied. *Lacey*, 932 F.2d at 180; *see also Gulf Oil*, 330 U.S. at 508 ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). In this case, the relevant factors do not support dismissal of iQIYI's claims.

## 1. Private Interest Factors Do Not Decidedly Favor Trial in a Foreign Forum

Ordinarily, the strong presumption in favor of a plaintiff's choice of forum applies with less force when the plaintiff or real parties in interest are foreign. *Piper*, 454 U.S. at 255. A foreign plaintiff's choice deserves less deference because the central purpose of any *forum non conveniens* inquiry is to ensure the trial is convenient. *Id.* at 256. Notably, however, this does not mean a foreign plaintiff's choice deserves *no* deference because of the plaintiff's citizenship. *See id.*; *see also* Marc. O. Wolinsky, Comment, *Forum Non Conveniens and American Plaintiffs in the Federal Courts*, 47 U. Chi. L. Rev. 373, 382–383 ("But American citizenship, as such, correlates imperfectly with those characteristics [that make foreign litigation inconvenient], and therefore should not be used as a facile proxy for the plaintiff's convenience. Such convenience-related concerns . . . should be examined directly on their own merits, case by case, *without regard for the passport held by the plaintiff.*" (emphasis added)).

Ultimately, a plaintiff may not choose an inconvenient forum in order to vex, harass, or oppress a defendant by inflicting upon the defendant expense or trouble not necessary to the plaintiff's own right to pursue a remedy. *Gulf Oil*, 330 U.S. at 508. In considering private factors, the Court necessarily engages in a comparison between the hardships the defendant would suffer

through the retention of jurisdiction and the hardships the plaintiff would suffer from the dismissal and the obligation to bring suit in another country. *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 74 (2d Cir. 2001).

### i. The Relative Ease of Access to Sources of Proof Does Not Support iTalk Global's Motion.

Defendants first argue that the ease of access to sources of proof favors dismissal of Plaintiffs' claims in this venue because all relevant sources of proof are located in China. Mot. to Dismiss at 10. Indeed, Defendants contend that no relevant sources of proof are in this District. *Id.* Plaintiffs, on the other hand, argue evidence of Defendants' copyright infringement is in the United States. Pls.' Resp. at 10–11. Both parties maintain the other's preferred forum renders access to sources of proof nearly or fully impossible. *See* Mot. to Dismiss at 12; Pls.' Resp. at 9.

Considering the appropriate level of deference given to Plaintiffs' choice of forum, the Court determines the ease of access to sources of proof factor is, at most, neutral between the parties, if not slightly in Plaintiffs' favor. Defendants rely heavily on where they believe most of the relevant evidence is located. *See* Mot. to Dismiss at 12. Oppositely, Plaintiffs believe access to sources of proof, especially for their inducement claim, exists in the United States. Pls.' Resp. at 8–9. Additionally, this factor does not turn on the location of the sources of proof, but relative ease of access to the sources.

Although Defendants contend China provides easier access to their, Plaintiffs', and third-party witnesses and evidence, there certainly is at least a question as to the veracity of this claim. *Compare* deLisle Decl. ¶¶ 44–47 *and* ¶¶ 80–83, ECF No. 24-4 *with* Yun Decl. ¶¶ 21–23, ECF No. 31–20. Considering discovery procedures in China, the Court dismissing on this basis would equate to an individual purchasing a house based on a munificent bequest in a known pauper's will. For example, Defendants point to China having no suitable procedures for procuring

documents for foreign litigation or procuring depositions of witnesses as support for dismissal under this factor. Mot. to Dismiss at 12. In fact, Chinese litigation does not have depositions. Yun Decl. ¶¶ 5.3. Short of discovery abuse on the part of Plaintiffs, the Court finds it difficult to believe dismissing the case in favor of a foreign forum eases access to sources of proof relative to the burden present in this forum. This especially holds true given Plaintiffs' assertion they will make their witnesses available in this District. Pls.' Resp. at 11. Thus, the Court believes this factor weighs, if not in Plaintiffs' favor, then neutral to the parties.

      **ii.**    **The Availability of Compulsory Process for Unwilling Witnesses Does Not Support iTalk Global's Motion.**

Defendants next argue the second private interest factor weighs in their favor. Mot. to Dismiss at 13–14. According to Defendants, all or almost all the likely witnesses reside in China or outside of 100 miles of the Court. *Id.* at 13 *and* n.6. However, this factor carries far less weight when a defendant has not alleged or shown that any witnesses are unwilling to testify. *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006). In fact, the compulsory process factor weighs against dismissal when neither side claims a witness would be unwilling to testify. *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 47 (2d Cir. 1996). When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor. *Duha*, 448 F.3d at 877.

Defendants could not offer any evidence of unwillingness in their motion or reply. *See* Mot. to Dismiss at 13–14; Pls.' Reply at 6–8. Moreover, when asked if any evidence of unwillingness existed during the hearing held by the Court, Defendants could not offer any evidence of unwillingness. *See* Hr'g Tr. 24:1-25–25:1- 9, ECF No. 42. Thus, this factor weighs against dismissal.

### iii. The Cost of Attendance for Willing Witnesses Does Not Weigh So Heavily in Favor of iTalk Global's Motion.

Defendants next argue the cost of obtaining testimony of willing witnesses if the case continued in this District would far surpass the cost if dismissed in favor of China because almost all the witnesses are in China. Mot. to Dismiss at 14. Defendants further argue the parties would incur substantial travel costs to depose willing witnesses because depositions are effectively prohibited in China. *Id.* Plaintiffs respond by noting there are approximately 18 iTalkBB employees who live and work in China, while almost 100 employees of iTalk Media and iTalk Global (the entity who allegedly infringed in the United States) are in the United States. Pls.' Resp. at 15.

Defendants point to two cases in support of their assertions, *DTEX* and *ElcomSoft, Ltd. v. Passcovery Co., Ltd.*, 958 F. Supp. 2d 616 (E.D. Va. 2013). The Court gives due regard to the differences in cost between interstate and international travel. *Duha*, 448 F.3d at 878. However, the distinguishing factor in both cases is neither plaintiff listed any witnesses that lived in the particular forum. *See DTEX*, 508 F.3d at 800; *ElcomSoft*, 958 F. Supp. 2d at 622. Exhibit A to a declaration submitted by the Defendants includes a list of disclosed witnesses. Posner Decl. Ex. A, ECF No. 24-5. Some of these individuals are shown to reside in the United States. *See id.* Additionally, the relevance of some witnesses located in China has not yet been established by record evidence. Courts may not lean in favor of dismissal based on witnesses whose relevance has not yet been established by record evidence. *See Duha*, 448 F.3d at 878–879. Consequently, even if this factor moves from neutral to Defendants' favor, it does not weigh so heavily in their favor—especially when considering the other private factors—to warrant dismissal.

### iv. Other Factors That Make Trial Easy, Expeditious, and Inexpensive Do Not Weigh So Heavily in iTalk Global's Favor as to Support Dismissal.

Defendants advance three separate arguments to show other factors require dismissal of this claim. These arguments are: (1) difficulties impleading Future TV; (2) a fundamental language problem; and (3) Plaintiffs pursuit of parallel litigation in China. Mot. to Dismiss at 14–16. The Court will consider each of these in turn.

According to Defendants, iTalkTV HK obtained licenses for most of the iQIYI Exclusive Shows from Future TV. *Id.* at 14. In the license agreement, Future TV agreed to indemnify iTalkTV HK for claims on those rights, but stipulated disputes required resolution in China. *Id.* at 14–15. Defendants contend they would face difficulty impleading Future TV in this forum. *Id.* at 15. Setting aside the fact that iTalkTV HK is not a party to Plaintiffs' complaint, iTalk Global obtained a copy of the license agreement in question and attached it to the motion under consideration. Xi Wu Decl. Ex. B, ECF No. 24-2. The confidentiality provision in the agreement would have necessitated iTalk Global obtain permission from Future TV to attach the agreement, yet iTalk Global has made no attempt to bring Future TV as a third-party defendant. While judicial economy favors the resolution of all claims in one trial, a defendant's inability to implead a third party is not dispositive. *DTEX*, 508 F.3d at 800. Unlike *DTEX*, iTalk Global cannot carry its necessary burden based on indemnity when it could pursue these claims with compulsory process to obtain key witnesses. *Cf. id.*

Defendants next claim a costly language problem exists because the relevant witnesses will all likely be native Chinese speakers and relevant documents written in Chinese. Mot. to Dismiss at 15. Plaintiffs counter that employees of iTalk Global, iTalk Media, and relevant third parties presumably reside in the United States and have documents in English. While the Court believes this action likely will require translation of witnesses and documents, it cannot determine at this

stage the number of witnesses requiring such a service or the volume and relevancy of documents in both languages. Thus, while Defendants have convinced the Court some documents and witnesses may require translation services, they have not shown the factor impacts the overall convenience of one forum over the other to such a degree that this factor weighs heavily in Defendants' favor. *See S & D Trading Acad., LLC v. AAFIS, Inc.*, 494 F. Supp. 2d 558, 572 (S.D. Tex. 2007).

Finally, Defendants point to Plaintiffs' pursuit of separate litigation in China involving many of the same issues as reason for dismissal. Mot. to Dismiss at 16. Plaintiffs submit that Defendants characterization of these proceedings are incorrect. Pls.' Resp. at 16. The Court agrees with Plaintiffs.

"[T]he mere presence of parallel litigation bears only marginally on the touchstone of the *forum non conveniens* analysis." *Indusoft, Inc. v. Taccolini*, 560 Fed. App'x 245, 251 (5th Cir. 2014) (emphasis in original). If a court focused on the existence of parallel litigation in a foreign court, it would effectively change the analysis to a determination of which of the two pending cases should go forward. *Adelson v. Hanamel*, 510 F.3d 43, 54 (1st Cir. 2007).

Here, the parallel litigation in the Chinese courts certainly does not weigh in favor of dismissal. The China action concerns infringing activities in Australia. Qu Decl. ¶ 8, ECF No. 31. Moreover, the action does not implicate the Future TV license agreement, infringing activities in the United States, or all of the iQIYI Exclusive Shows in this case. Pls.' Resp. at 16–17. Additionally, the alleged parallel litigation filed in China had to be filed in China. The infringing entity no longer existed in Australia; thus, the only forum available for Plaintiffs was China. *See id*; *see also* Hr'g Tr. 41:3-24.

In summary, the three arguments put forth by Defendants do not cause the final private factor to weigh in favor of dismissal. Consequently, the private factors do not decidedly favor trial in a foreign forum.

## 2. Public Interest Factors Do Not Decidedly Favor Trial in a Foreign Forum

The relevant public-interest factors also do not favor dismissal. As previously noted, these factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law governing the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *In re Volkswagon of Am.*, 545 F.3d at 203.

### i. Administrative Difficulties Do Not Support iTalk Global's Motion.

Administrative difficulties manifest when litigation accumulates in congested centers instead of being handled at its origin. *Gulf Oil*, 330 U.S. at 508. Defendants contend the average time to resolve a case through trial in this District is more than twice as long as in Chinese courts. Mot. to Dismiss at 16–17. Plaintiffs contest this assertion on the basis that the Chinese courts are congested, the Chinese courts would treat the present case as a foreign case and stated time limits do not apply. Pls.' Resp. at 17–18; Yun Decl. ¶ 32. The Court believes no court in either forum would likely endure a greater administrative burden based on these arguments. In the event one court may suffer such a fate, the Court finds the foreign forum would suffer the greater burden because the litigation's origin is the United States given Defendants are United States companies and Plaintiff asserts claims under U.S. copyright law.

### ii. The Interest of the Forum in Resolving the Controversy Does Not Support iTalk Global's Motion.

Defendants argue China has a far greater interest in the adjudication of Plaintiffs' claims because the alleged wrongs involved Chinese television works that allegedly injured Chinese

companies. Mot. to Dismiss at 17–18. The Court disagrees. "There is a local interest in having localized controversies decided at home." *Gulf Oil*, 330 U.S. at 509. The location of the alleged injury is an important consideration when weighing this public factor. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 872 (E.D. Tex. 2012). Further, the public interest weighs heavily in favor of adjudicating U.S. intellectual property disputes in domestic forums. *Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.,* 04 CIV. 3136 (HB), 2005 WL 13682, at *6 (S.D.N.Y. Jan. 3, 2005). Indeed, a court may also find local interests in intellectual property disputes "when a district is home to a party because the suit may call into question the reputation of individuals that work . . . in the community." *Frito-Lay*, 867 F. Supp. 2d at 872.

Defendants put great emphasis on where they believe Plaintiffs have felt the alleged injury. Mot. to Dismiss at 17; Reply at 9. However, this is not the proper consideration. The court in *DTEX* faced a very similar argument. In *DTEX*, DTEX was a South Carolina entity. *DTEX*, 508 F.3d at 787. It almost certainly *felt* the alleged injury in South Carolina, but the Fifth Circuit determined this factor weighed in favor of Mexico because that was where the alleged torts *occurred*. *Id.* at 802. Here, the alleged infringement occurred in the United States—not China. Pls.' Resp. at 18. Thus, this factor weighs in favor of Plaintiffs.

### iii. The Governing Law Does Not Support iTalk Global's Motion.

Plaintiffs and Defendants dispute whether Chinese or U.S. copyright would apply to the instant case. Courts often determine holding trial in a forum at home with the applicable law is more appropriate than in a forum that will need to apply foreign law. *Gulf Oil*, 330 U.S. at 509. Plaintiffs correctly assert U.S. law applies. Plaintiffs' claims concern alleged infringements of U.S. registered copyrights. First Amended Complaint Exs. A1–A10, ECF No. 18. The correct application of law concerns where the *infringement* occurred, not where the original author created

the work or where the author first published the work. *Fahmy v. Jay–Z*, 891 F.3d 823, 831 (9th Cir. 2018).

Moreover, this factor does not support dismissal because this case substantively involves American companies, and the United States' interest in resolving this controversy is not so attenuated as to weigh in favor of dismissal. *Contra Creative Technology, Ltd. v. Aztech Systems Pte., Ltd.*, 61 F.3d 696, 704 (9th Cir. 1995). Even if Chinese law applied, this factor alone would not overcome the private and other public interest factors to tip decidedly in favor of a foreign forum.[10]

### iv. The Burden on the Citizens Does Not Support iTalk Global's Motion.

Neither party addressed the burden on the citizens factor. However, the Court will briefly consider this factor to complete the analysis in its entirety. This factor contemplates an interest in courts not placing an unfair burden on citizens in an unrelated forum with jury duty. *DTEX*, 508 F.3d at 803. As noted, the United States has a greater interest in this case than China. Moreover, Defendants' headquarters demonstrate the case has connections with this District. Thus, jury duty in this case does not impart such a burden upon the District's citizens as to weigh in favor of dismissal. Based on the foregoing, the private and public interest factors weigh in favor of denying Defendants' Motion.

---

[10]Defendants also argue that, given the parallel litigation brought by Plaintiffs in China, a substantial risk exists of conflicting judgments if this case is not dismissed. Mot. to Dismiss at 18. The Court rejects this argument given its earlier holding on this matter. *See infra* Part III.B.1.iv.

## IV.    CONCLUSION

Based on the foregoing analysis, the Court finds Defendant iTalk Global's Motion to Dismiss should be **DENIED**.

**SIGNED** this 17th day of December 2019.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE